STATE ex inf. John ASHCROFT, ex rel. PLAZA PROPERTIES, INC., Appellants,

v.

CITY OF KANSAS CITY and Tax Increment Financing Commission of Kansas City, et al., Respondents.

No. 66560.

Supreme Court of Missouri, En Banc.

April 2, 1985.

Rehearing Denied April 30, 1985.

John Ashcroft, Atty. Gen., Phillip K. Gebhardt, Asst. Atty. Gen., Jefferson City, William V. McLeese, Kansas City, for appellants.

Paul E. Vardeman, Michael T. White, Mark J. Bredemeier, Richard N. Ward, City Atty., John F. Ingraham, Asst. City Atty., Kansas City, for respondents.

PER CURIAM.

This is an appeal from an order of the Circuit Court of Cole County denying a petition in the nature of quo warranto brought in the name of the State of Missouri and the name of the Attorney General at the relation of Plaza Properties, Inc., as relators against the City of Kansas City and its Tax Increment Financing Commission (hereinafter Commission). It involves a plan for the redevelopment of a small tract (lot 56, Wornall Park) adjacent to the Country Club Plaza. The ultimate purpose of the proceeding is to validate bonds proposed to be issued by respondent City and Commission pursuant to the Real Property Tax Increment Allocation Redevelopment Act, §§ 99.800–99.865, RSMo Cum.Supp. 1984. The only unique feature of this case is the active participation of the Attorney General in the proceeding, it being customary that the Attorney General permit the moving party, the relator, to prosecute the action "to final conclusion in the name of the relator." Rule 98.02(c). Clearly, this is not an action originated by the Attorney General filing in his own name and whether or not the preliminary order shall issue is discretionary with the court. Rule 98.04.

In *State ex rel. Wagner v. St. Louis County Port Authority*, 604 S.W.2d 592, 607 (Mo.banc 1980) it was noted that "the time has come for us to reexamine the practice of entertaining friendly quo warranto proceedings where the bond issuing authority is the real party in interest ..." (Welliver, J., dissenting, Rendlen, J. concurring).

The petition for quo warranto herein is identical to the petition for quo warranto filed in this Court by the same parties on June 7, 1984, No. 66070. In our discretion we denied that petition on July 17, 1984. The only difference in what we now have before us is that the same matter has been filed in the Circuit Court of Cole County where that court "denied the writ" without benefit of findings of fact or conclusions of law. This Court is now faced with the identical request which it denied July 17, 1984, with the burden of review being no different and no lighter than when it was first tendered.

■ While it may have been good judicial practice during the early days of our government for this Court to lend assistance to the legislative and executive branches in the form of giving advisory opinions on proposed bond issues, we now believe that there is sufficient case law from which the issuers of bonds can formulate opinions as to their validity. In the future, pre-issue bond validity will be considered by the courts only upon a substantial showing of inability to issue and sell such bonds. We believe that such consideration should then be by the circuit court within the jurisdiction where the question arises. We believe that the ends of justice will be served best when those most interested in the project have the most convenient and best opportunity for being heard on the matter. In this same connection, we believe that the public could better identify the issues being litigated if the matter is framed as a declaratory judgment action rather than the fictional friendly quo warranto. The declaratory judgment action should clearly identify its purpose as being consideration of the constitutional validity of the bonds proposed to be issued and should be brought by the real parties in interest.

■ The appellants' brief presents 22 points as a basis for claiming that the statutes in question are unconstitutional. The trial court simply entered an order denying the petition quo warranto. The burden is on the appealing parties to demonstrate error. On the record before us we are not persuaded that the statutes are facially unconstitutional or that the trial court erred in dismissing the petition. We do not foreclose the possibility of further challenges based on varying facts of particular cases.

The judgment is affirmed.

All concur.